**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**TANNER S. ADAM, JONATHAN L. ADAM, TRITEN FINANCIAL GROUP, LLC, and GCZ GLOBAL LLC,**

**Defendants.**

**Civil Action File No. 24-3774-MHC**

**JURY DEMAND**

**CONSENT ORDER FREEZING ASSETS**

It appearing that the Securities and Exchange Commission (the "Commission") and Defendants Jonathan Adam ("J. Adam") and GCZ Global LLC ("GCZ") (collectively the "J. Adam Defendants") (the Commission and J. Adam defendants, hereafter "Parties") have consented thereto, and for good cause shown:

**I.**

**IT IS HEREBY ORDERED** that, until further order of the Court:

A. The assets of the J. Adam Defendants as set forth herein are hereby frozen. The freeze shall include but not be limited to those funds located in any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets,

digital currencies, virtual currencies, or cryptocurrencies accounts of the J. Adam Defendants as of the date of this Order. In addition, proceeds derived from the securities offering alleged in the Commission's complaint remaining in the custody or control of any of the J. Adam Defendants are hereby frozen regardless of where said proceeds are located. This freeze shall also include real property owned by any of the J. Adam Defendants or purchased with proceeds derived from the securities offerings alleged in the Commission's complaint (assets subject this Order, as set forth herein collectively referred to as the "Frozen Assets"). Notwithstanding the foregoing restrictions set forth in this paragraph, the J. Adam Defendants may open a new bank, brokerage, and crypto asset account through which they may direct, deposit, or transact funds and assets obtained or received from a source unrelated to the securities offering alleged in the Commission's complaint in this matter and unrelated to the Frozen Assets as set forth herein ("the Post Freeze Accounts"). Defendants shall provide the Commission counsel with notice of any such Post Freeze Account within 3 days of it being opened, and such notice shall include: (a) the name of the account holder(s); (b) the account number; and (c) the institution at which the account is established. For the first sixty days after the entry of this Order, the J. Adam Defendants shall provide counsel for the Commission notice within 2 business days of any deposit into a Post Freeze Account exceeding $10,000 and provide the (a) the source of those funds and/or assets received by each Post Freeze

Account, (b) the dollar value of any such deposit, and (c) the consideration that the J. Adam Defendant(s) provided in return for those new funds or assets. To the extent that the J. Adam Defendant anticipates the recurrence of such deposit, the J. Adam Defendant shall include in the initial notification the timing of the recurrence of such deposits and shall not be required to notify counsel for the Commission of any subsequent recurring deposits. While this Order remains in effect, the J. Adam Defendants shall email counsel for the Commission, within 2 business days of receipt, copies of the monthly account statements from the institution at which the Post Freeze Account(s) are established and monthly account statements for any credit cards used by any J. Adam Defendant. The J. Adam Defendants shall also provide Commission counsel via email, within 5 business days of each month end, written statements under oath identifying (a) the source of any new funds and assets received by each Post Freeze Account, (b) the dollar value of any such transaction, and (c) the consideration that the J. Adam Defendant(s) provided in return for those new funds or assets. The J. Adam Defendants shall provide any additional information with respect to the Post Freeze Accounts, or any transaction therein, upon request by Commission counsel within 3 business days of receipt of such request.

B. The real property assets of J. Adam Defendants that are frozen include, but are not limited to, the following:

715 S Walker St
Angleton, TX 77515

9 Greystone Ct
Angleton, TX 77515

518 Bryan St
Angleton, TX 77515

719 S Walker
Angleton, TX 77515

C. The J. Adam Defendants and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain the Frozen Assets, including all digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, of the J. Adam Defendants and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of the J. Adam Defendants), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets (except where such diminution in value is caused by market movements in the

ordinary course), which are hereby frozen, including, but not limited to, such Frozen Assets held in the following accounts:

| **Financial Institution** | **Account No.** | **Account Name** |
|---|---|---|
| Wells Fargo Bank, N.A. | xxxxx5573 | GCZ Global LLC |
| Wells Fargo Bank, N.A. | xxxxx3372 | GCZ Global LLC |
| Wells Fargo Bank, N.A. | xxxxx4153 | Jonathan & Ava Adam |
| Wells Fargo Bank, N.A. | xxxxx1972 | Jonathan & Ava Adam |
| Wells Fargo Bank, N.A. | xxxxx1925 | Shorestream Limited |
| Wells Fargo Bank, N.A. | xxxxx7183 | GCZ Global LLC |
| JP Morgan Chase Bank, N.A. | xxxxx6082 | Tetragon FLP, LLC |
| Frontier Bank of Texas | xxxxx4256 | Tiered Communication Services |
| Frontier Bank of Texas | xxxxx9317 | GCZ Global LLC |

| **Crypto Exchange** | **Type** | **Account** |
|---|---|---|
| Coinbase | | User names ending in:<br>05e0<br>ab30 |
| Kraken | | Account ending in LPGI |
| Coinbase | ETH Wallet | 0x95Da92d5a8ca4Cc3326<br>89dc270a76BE079fB74C3 |
| Coinbase | LTC Wallet | MWyvKU1Kkt6n9KUCiH<br>Q6Ae8SdWqCYaMzgp |
| Coinbase | ETH Wallet | 0xbaA41f5699F0D56f81C<br>2769A834B34166EF9F17<br>B |
| Coinbase | ETH Wallet | 0x4f2241B70347A6f78a45<br>2b819cF4598914035a7A |
| Coinbase | ZRX Wallet | 0x5299E9b090Acb9bEe25<br>9facA83D59164f2227CE1 |
| Coinbase | ETH Wallet | 0xb3F783813a63f857F4D<br>9BEFbe94a9365F9D4f1A6 |
| Coinbase | XRP Wallet | rw2ciyaNshpHe7bCHo4bR<br>Wq6pqqynnWKQg:::ucl:::<br>4216938842 |

| | | |
|---|---|---|
| Coinbase | ETH Wallet | 0x1C2Cb42DF5911d630D1f7aB9822d8e5490BdA489 |
| Coinbase | BTC Vault | 34iY5Bjy89achTgMTMWvLUZw14XD82gRZp |
| Coinbase | ETH Wallet | 0x16205013eB5556D361D9c6Ce115e3a9614b547e6 |
| Coinbase | XLM Wallet | GDQP2KPQGKIHYJGXNUIYOMHARUARCA7DJT5FO2FFOOKY3B2WSQHG4W37:::ucl:::136004655 |
| Coinbase | ETC Wallet | 0x58e335F0f30A96B6b111c6895A7Ac8f4D8d14f5E |
| Coinbase | ETC Wallet | 0x51b944F317D9c8df9534f76FdC4e0C16F13718F8 |
| Coinbase | ETC Wallet | 0x67efb474C5e75Da1Be3D4Db6abEA777c5dD4c196 |
| Coinbase | STORJ Wallet | 0xbe1Aa3b7Cd1ea7dC3Ec22e5629AEaD079Cd1BE56 |
| Coinbase | ETH Wallet | 0x6eb2c6EC6AEF2b496782d1b250DA7D1C898a3146 |
| Coinbase | USDC Wallet | 0x2ba3aa8a2bcaE58201F27486F1D5eDFe96a4dece |
| Coinbase | ALGO Wallet | UYN3HNALEBQQA5WPJOAH5FS4LKDOFQX2K3FSNEZA3WIMX5YERNJOTJV6DQ |
| Coinbase | FET Wallet | 0x932f9F3E1627D0609Fb7db1335B169405E446D07 |
| Coinbase | BTC Vault | 33ArJdkrWKchYDWbzSPBpuDJoGLUx6Ec37 |
| Coinbase | ETH Wallet | 0x7c360e419708Bb04871BC7590E80Ec775be09827 |
| Coinbase | ETH Wallet | 0xfDD0debc78A88d5D5D64B2b02761B8C2bd89736 |

| | | |
|---|---|---|
| | | B |
| Coinbase | ETH Wallet | 0x757354f18Fbfe4baF6e2F0D455F052272cB0Ea67 |
| Coinbase | BTC Wallet | 32eiAjzHT37pSttZLt5hwwY4CRuQXgj3L8 |
| Coinbase | BTC Wallet | 36kXYJixrzWywmgmtPjpsmcc8dfTHoJAGq |
| Coinbase | BTC Wallet | 3E1sW5URgBtqPKsaKHusaRZTUsVowW475g |
| Coinbase | BTC Wallet | 3Q6q1X7iURcE16V8S6XJXnoFs6YVBKJwPU |
| Coinbase | BTC Wallet | 32Nqwo9DMV4r2Trje1qBSWCPTQqFiFNoqy |
| Coinbase | BTC Wallet | 38aBvqCtXqJdSqtjWRq2cVwhgDrDpVurG7 |
| Coinbase | MANA Wallet | 0x9FE7D7ae88FF39F0291b4433aada88ad97fc0baa |
| Coinbase | ETH Wallet | 0x446c5760cB5418ca425D9673e0D97DF47b7337BC |
| Coinbase | ETH Wallet | 0xbE0615BCe09397eBf2114994ff812e268DA7B933 |
| Coinbase | BTC Wallet | 38LcRQvv22vkwwZ9DnA7nUjwfviVoqkJQm |
| Coinbase | BTC Wallet | 37L5hebYE2FzvA4NvYYik6BYBbcnj2e7Sp |
| Coinbase | BTC Wallet | 3H7Uaawmg9yUoysyj4TSTKVMo3HLTpb44d |
| Coinbase | USDC Wallet | 0x87a5414ae88dbE9ff00c0d66785ab659540a35Df |
| Coinbase | USDT Wallet | 0xD2D1B227C2874828fda6427d5B60a643a3a11061 |
| Coinbase | ETH Wallet | 0x755F09dA06e6D16CDc9cBd3B23eaa949D4Fd1a34 |
| Kraken | Blockchain Platform | TF3ZsFSMmdYcaTJH9gCNkzoAYzNUPpJJCQ |
| Kraken | Polygon | 0x3a98889435a2a14f1af0b1c9248740fd193d16aa |

| | | |
|---|---|---|
| Kraken | Payment Processor | 121000248\|7450691972 |
| Kraken | Bitcoin | 399eQe78Kr4QzszVu4pA5upahyy6vkmn1n |
| Kraken | Bitcoin | bc1qdkepuazdfmxlu5xm3jngnx55xz9uraadek5gdh |
| Kraken | Blockchain Platform | TLsPm2ktUYxHBaAkCYv3mQQngcwsJf25po |
| Kraken | Blockchain Platform | TRBasQUWgHiGuEemUSbyJEy1kGLj9UpvTB |
| Kraken | Blockchain Platform | TSanWKrky31WoxmyN8hUqBYeLSFFt5FYai |
| Kraken | Bitcoin | 38LcRQvv22vkwwZ9DnA7nUjwfviVoqkJQm |
| Kraken | Blockchain Platform | TFWXYJqpeDzGhMdJr8SDE2z4FQ5KBKb1fG |
| Coinbase | NEAR Wallet | 906bc907ae79c2f1ad13da17dd75fe047894eafd7767c984fbcf824f8dc5e4a2 |
| Kraken | Bitcoin | bc1qx9wn0sn8y2x28yvt46zqhc2tzwhstued822jcy |
| Kraken | Blockchain Platform | GTnG2e8WsgsRRtanENDSi289dMm2Qpk83U5c5Wd3aPka |
| Kraken | Blockchain Platform | FX1SREB3e4rhnJ2dqPDA6uy5LCQzdg7rPVQQPGV7NFAN |
| Kraken | Blockchain Platform | TJsPWXqKvNxMehM8VzM1ayXMvbLgGAeNpz |
| Kraken | Blockchain Platform | DKTXuqJb1N72Si5Nch8bdpwpmqMQxcsVL2TpjJTPVECu |
| Kraken | Blockchain Platform | DYVZyqWCTHvWLMLLAfXabGE9YWbvEYNZTRnYvHHLAbdi |
| Kraken | Bitcoin | 1McpQrFEiLUjbwpZ39wrFJC3WhbgsSHXSq |
| Kraken | Polygon | 0x4b63c44f66f8775cf8991f05c808c73c6caf1f54 |

| | | |
|---|---|---|
| Kraken | Bitcoin | bc1qc0kxc0wt3xhg7czpjzu u52avtlanv6qylzz8wu |
| Kraken | Polygon | 0x07f8571cbb6464a9b7f6b a433214829824ca8f75 |
| Kraken | Ether Contract | 0xd2d1b227c2874828fda6 427d5b60a643a3a11061 |
| Kraken | Bitcoin | bc1q2yyue0grza4t82darter yujlvac9y44dduqje7 |
| Kraken | Ether Contract | 0x0cbe254c3405e1adc837 b2834f4c8cd83ffc3798 |
| Kraken | Ether | 0x0cbe254c3405e1adc837 b2834f4c8cd83ffc3798 |
| Kraken | Blockchain Platform | 8vrKTwp9g7EN4pGFTcd XLPwvChcDGhkz6wcxCx G3C8dX |
| Kraken | Bitcoin | bc1qmwguc9rsvuaku87r95 e4a75nkphcucawrahp92 |
| Kraken | Bitcoin | bc1qsy9rcfuxket78ysah0x wdhhmzrjmjnguf9yzkf |
| Kraken | Ether Contract | 0x30246e132d917354401d f7484c15bccd30f6a876 |
| Kraken | Blockchain Platform | TT916nW9bNQopBcYdw bcHbRUPbswfcArZX |
| Kraken | Ether Contract | 0x30cd693ba6910b8ee8de 7ccadbb91f3f5e99f9bc |
| Kraken | Ether Contract | 0xf9cd0d41f919216e07443 c347e7c21b2c3f12e5a |
| Kraken | Ether | 0x30cd693ba6910b8ee8de 7ccadbb91f3f5e99f9bc |
| Kraken | Ether Contract | 0x6496397b508ec9d6ffb16 b8d811d8ea35f60ba7d |
| Kraken | Blockchain Platform | TEHpGhPzLUjvrAZ2ZAiy wC8SWP1yEtMEKb |
| Kraken | Bitcoin | bc1q59uj6gdlfu6drm643m 2k22fzee3kcf6mknhewh |
| Kraken | Blockchain Platform | 2j5WSeuJLE9587BPwc3a bYnCCKrtnRqAYDWVro sZyDgC |
| Kraken | Blockchain | TULHmpd9jWqH6kQZB3 |

Case 1:24-cv-03774-UNA Document 1 Filed 05/26/24 USD Page 10 of 20

| | | |
|---|---|---|
| | Platform | 3BqcCoDNYsJGgit6 |
| Kraken | Bitcoin | 3HaDKXtK7NP8cHTjfc5s 6pfpRRroLJ7Atv |
| Kraken | Blockchain Platform | TFdd9RPkZ1nixEvw5b6A EgTbnXnQhMMfGo |
| Kraken | Bitcoin | bc1qjn92rmnx6dpeaqcxkx 9wawwau6wk3lyvlwkfzf |
| Kraken | Bitcoin | bc1qxuv8fzh874fm56vg74 n5llxhgz5kn5er6faku8 |
| Kraken | Bitcoin | bc1q9hmd255xq444udjjrrtt 45c0j85787f8ntkz40 |
| Kraken | Ether Contract | 0x192cbf170af06314b7e15 cf567d71d6dcae70e7d |
| Kraken | Ether Contract | 0xf7fa0c0a8db80023d57b7 0c0912aca9708246780 |
| Coinbase | USDT Wallet | 0x9C03a71C00a551ae1cf Dd31855D9e685e4Ac0d94 |
| Kraken | Ether Contract | 0x27d0c9f02acde234aa7c2 ab8c86a2c1d2123d3dc |
| Kraken | Bitcoin | bc1q453thgmmc4l93yeqex kugj24cee357p4rucnhj |
| Kraken | Ether | 0x1adb69bff4737af3ce1b6 cd078d920b4975a89fd |
| Kraken | Blockchain Platform | 691dLobL4scjMRtf1r8d11 ePQ4vQmuG1HWU3htaL zVWi |
| Kraken | Bitcoin | bc1qkyqv6tl6wr5zl2raghh mgcls2n0sy7ggu8dsam |
| Kraken | Bitcoin | bc1qkyqv6tl6wr5zl2raghh mgcls2n0sy7ggu8dsam |
| Kraken | Bitcoin | bc1qxa2mw5x6klng743juk yy3f3h4lcd2azhg5730u |
| Kraken | Bitcoin | bc1q88nf9c6x2ss2chv7r5u wggjr260ld76cjwwxuf |
| Kraken | Bitcoin | 3HYxDNLxrz2qN12CKQ 9JG15aAFtjZKCMDp |
| Kraken | Ether Contract | 0x6665ea1e277939d3690f eef2e36e76d0de24be1f |
| Kraken | Blockchain | TUwH4v4p1dJeZ8AtnSKk |

| | | |
|---|---|---|
| | Platform | J4Zmxv5R4mZuAA |
| Kraken | Ether Contract | 0x2db18bb96c39dc2810c0624194b83eb197d15a6b |
| Kraken | Ether Contract | 0x72d4ff80bc4dfab5184c702ac5f217def992b283 |
| Kraken | Ether Contract | 0x1adb69bff4737af3ce1b6cd078d920b4975a89fd |
| Kraken | Blockchain Platform | 36uYaK54bS5scQauDBKjraY3J9H4UbJoWuNcNBrg52hH |
| Kraken | Ether Contract | 0xc9a0f40ba6a75a7284ceab8c253b9adab6fae09d |

D. All banks, brokerages, financial institutions, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets subject to this Order as defined herein, including all digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, wherever located in the name, for the direct or indirect benefit, or under the direct or indirect control of the J. Adam Defendants or over which the J. Adam Defendants exercise actual or apparent investment or other authority (including assets in the name of the J. Adam Defendants), in whatever form such assets may presently exist and wherever located as of the

date of this Order, including but not limited to all such funds held in the accounts listed in Paragraph C above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value (except where such diminution in value is caused by market movements in the ordinary course), or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

E. All persons who hold or possess the direct or indirect proceeds of the securities offering alleged in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain such funds and other assets, including all digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other

assets (except where such diminution in value is caused by market conditions in the ordinary course), which are hereby frozen.

**II.**

**IT IS FURTHER ORDERED** that with any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of the Frozen Assets as set forth herein, including any digital assets, digital currencies, virtual currencies, or cryptocurrencies or any other person, partnership, corporation or other entity maintaining or having, as of the date of this Oder, custody or control of: (a) any brokerage or depository accounts or other assets subject to this Order of the J. Adam Defendants; or, (b) accounts, securities, digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets of any kind into which investor or customer funds or proceeds subject to this Order have been invested or deposited; (c) accounts or assets subject to this Order under the direct or indirect control of any J. Adam Defendant, or (d) other tangible or intangible assets subject to this Order as defined herein under the direct or indirect control of any J. Adam Defendant, who receives actual notice of this Order, shall:

(i) freeze such accounts, funds or assets;

(ii) within five (5) business days of receipt of such notice, file with the Court and serve on counsel for the Commission and for the J. Adam Defendants, a

certified statement setting forth, with respect to each such account, fund, digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

(iii) promptly cooperate with the Commission to determine whether and to what extent any accounts, funds, digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets are actually assets or proceeds of assets of any of the J. Adam Defendants.

**III.**

**IT IS FURTHER ORDERED** that the J. Adam Defendants shall submit in writing to the Commission, within five (5) business days following service of this Order upon them, the following identifying information:

(A) all names by which every person with authority to exercise control over the J. Adam Defendants is known and the nationality of such persons;

(B) all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses, safety deposit boxes, and storage facilities used by any of the J. Adam Defendants or by any person under their direct or indirect control, at any time since January 1, 2023 through the present; and

(C) each account with any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts maintained in any of the J. Adam Defendants' name or held for any of the J. Adam Defendants' direct or indirect beneficial interest from January 1, 2023 through the date of this Order.

**IV.**

**IT IS FURTHER ORDERED** that each J. Adam Defendant shall prepare and present to this Court and to the Commission, within twenty (20) business days following service of this Order upon them, a sworn accounting identifying:

1. all transfers or payments of funds to them or any other entity controlled by them from investors, lenders, or clients in connection with the securities offering alleged in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

- the nature and results of any investment in which the funds were used;
- any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and
- any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);
4. assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or

Case 1:24-cv-05240-DMC Document 6 Filed 08/26/24 SD Page 17 of 20

indirect benefit, or subject to the direct or indirect control, of the J. Adam Defendants, whether in the United States or elsewhere; and

5. all accounts held at any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants, or in which Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2023 to the date of this Order.

Nothing in this Order, however, shall be construed to require that a defendant abandon or waive any constitutional or other legal privilege which he or she may have available, including the Fifth Amendment privilege against self-incrimination. In turn, nothing in this Order shall prevent the Commission from opposing or challenging any assertion by a defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

## V.

**IT IS FURTHER ORDERED** that the J. Adam Defendants and their officers, agents, employees, servants, attorneys, any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or

any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts of the J. Adam Defendants and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby restrained and enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to defendants or the misconduct described in the Complaint.

**VI.**

**IT IS FURTHER ORDERED** that to the extent the J. Adam Defendants transferred any funds out of any account containing investor funds at any time after July 3, 2024, the J. Adam Defendants will repatriate any assets into the accounts from which they were transferred within three (3) business days of this Order.

**VII.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, by email, or by mail upon each of the J. Adam Defendants, their attorneys, their U.S. agents or their foreign agents, including banks to the extent permitted by law, or by alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure; or as this Court may direct by further order.

**VIII.**

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the J. Adam Defendants and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service in accordance with Section VII of this Order, or otherwise.

**IX.**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

Dated: August 26th, 2024

UNITED STATES DISTRICT JUDGE