**CAUSE NO. 26-BC11A-0019**

| | |
|---|---|
| **BLISS CREEK FUND 1, LLC**,<br>*Judgment Creditor,*<br>v.<br>**GCZ GLOBAL, LLC**,<br>*and*<br>**JONATHAN ADAM**,<br>*Judgment Debtors.* | **TEXAS BUSINESS COURT**<br>**ELEVENTH DIVISION A**<br>*Cause No. 26-BC11A-0019* |

# PLAINTIFF'S APPLICATION FOR WRIT OF EXECUTION

## I. INTRODUCTION

Pursuant to Tex. R. Civ. P. 621 et seq. and Tex. Civ. Prac. & Rem. Code § 34.001, Plaintiff Bliss Creek Fund 1, LLC ("Bliss Creek" or "Judgment Creditor") hereby applies to this Court for issuance of a Writ of Execution directing the sheriff or constable of any county in Texas to seize and sell the non-exempt property of Judgment Debtors GCZ Global, LLC and Jonathan Adam ("Judgment Debtors") in an amount sufficient to satisfy the outstanding Judgment, interest, and costs of court.

## II. BACKGROUND

### A. The Judgment

On April 4, 2025, the Honorable Joshua Eames of the District Court of Natrona County, Wyoming entered a Final Judgment against Defendants GCZ Global, LLC and Jonathan Adam, jointly and severally, in the amount of $141,063,243.99 (the "Judgment"). On February 6, 2026, Bliss Creek domesticated the Judgment in Brazoria County, Texas

pursuant to the Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac. & Rem. Code §§ 35.001-35.008.

Defendants thereafter moved to vacate the domesticated judgment. This Court denied that motion. Defendants have subsequently filed a Notice of Appeal. No supersedeas bond has been posted, no cash deposited, and no other security approved under Tex. R. App. P. 24 has been furnished. The Judgment is therefore unsuperseded and enforceable, and Bliss Creek is entitled to pursue all available post-judgment remedies pending appeal.

The Judgment Debtors have not paid or satisfied any portion of the Judgment. The full principal amount of $141,063,243.99, together with all accrued post-judgment interest at the applicable rate, remains due and owing.

## III. ARGUMENT AND AUTHORITIES

### A. A Writ of Execution Is the Standard Enforcement Mechanism for a Money Judgment

Texas Rule of Civil Procedure 621 provides that a judgment creditor may have execution issued on a final judgment. A writ of execution commands the officer to whom it is directed to satisfy the judgment out of the personal property of the judgment debtor and, if sufficient personal property cannot be found, out of real property. Tex. R. Civ. P. 629. The writ may be directed to the sheriff or constable of any county in Texas. Tex. R. Civ. P. 622; Tex. Civ. Prac. & Rem. Code § 34.001.

**B. The Waiting Period has Long Expired**

No writ of execution may issue within ten days of the date of judgment unless the court orders otherwise. Tex. R. Civ. P. 627. The Judgment was entered on April 4, 2025, and was domesticated in Texas on February 6, 2026. The ten-day period has long expired. Issuance of the writ is therefore proper at this time.

**C. No Supersedeas Bond Has Been Posted; Enforcement May Proceed**

The filing of a notice of appeal does not automatically stay enforcement of the Judgment. Tex. R. App. P. 25.1(h). To supersede enforcement, Defendants were required to post a bond or provide security pursuant to Tex. R. App. P. 24.1 and, for a money judgment of this size, Tex. Civ. Prac. & Rem. Code § 52.006. No bond has been posted. No cash has been deposited. No other security has been approved. The Judgment therefore remains in full force and subject to all available enforcement mechanisms, including turnover relief under § 31.002.

## IV. AMOUNT TO BE RECOVERED

Judgment Creditor requests that the Writ of Execution be issued in the following amount:

| | |
|---|---|
| Principal Judgment Amount: | $141,063,243.99 |
| Post-Judgment Interest: | At the applicable statutory rate from April 4, 2025 |
| Costs of Court: | As taxed by the Clerk |
| **TOTAL:** | **To be calculated by the Clerk at time of issuance** |

Post-judgment interest accrues at the rate provided under Tex. Fin. Code § 304.003, compounded annually, from the date of the Judgment until fully paid.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff Bliss Creek Fund 1, LLC respectfully prays that this Court direct the Clerk of the Court to issue a Writ of Execution commanding the Sheriff or Constable of any county in Texas to:

1. Seize and levy upon all non-exempt personal and real property of Judgment Debtors GCZ Global, LLC and Jonathan Adam, including but not limited to: bank accounts and financial accounts; accounts receivable; cash on hand; vehicles; equipment; inventory; business assets; interests in business entities; intellectual property interests and royalty rights; and any other non-exempt property, wherever located within the State of Texas;

2. Apply the proceeds of any such levy and sale to the satisfaction of the Judgment in the amount of $141,063,243.99, plus post-judgment interest accrued to the date of payment, plus all costs of court;

3. Return the Writ with a full account of all proceedings thereunder; and

4. Grant Judgment Creditor such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

Bradley W. Beskin

Bradley W. Beskin
Texas Bar No. 24105463

Bradley W. Beskin

Blake Sonne (PHV)
Whitten Burrage
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Office: 405.516.7800
Facsimile: 405.516.7859
bbeskin@whittenburragelaw.com
bsonne@whittenburragelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice was served on all counsel of record through the Court's E-Filing System on June 5, 2026.

Bradley W. Beskin
Texas Bar No. 24105463