**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **(1) GCZ GLOBAL, LLC**, *and*<br>**(2) JONATHAN ADAM**,<br>*Plaintiff and Judgement Debtors*<br>v.<br><br>**(1) THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION**<br>*and*<br>**(2) BLISS CREEK FUND 1, LLC**,<br>*Defendants*, | Civil Action No. 4:26-cv-5240 |

**DEFENDANT BLISS CREEK FUND 1, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

### A. Procedural Posture and Developments

Two developments since the Motion was filed narrow this dispute. First, the Wyoming court set aside only the punitive-damages component of its judgment, so enforcement in Texas now proceeds on the $47,021,081.33 compensatory award plus interest. Ex. 1. The Motion was filed the day before that order. In light of it, the relief Bliss Creek seeks is limited to the compensatory judgment and interest, and it does not seek to enforce the vacated component while it stands set aside. Second, the Business Court of Texas has taken up Adam's Rule 24.2(b) motion and allowed discovery in advance of the Rule 24.2 proceeding. Ex. 2. Plaintiffs' theory requires a conflict that grows past any state court's capacity to manage it. The record shows the opposite: the judgment creditor has narrowed its own claim, and the state court is actively adjudicating the very question Plaintiffs ask this Court to take over. The Response concedes the two points that decide this Motion. On immunity: "Plaintiffs do not challenge an SEC enforcement decision; they accept the freeze and the enforcement action." Resp. at 13. On interpleader: "Bliss Creek is free to pursue non-disputed, non-exempt assets in its state-court proceedings." Resp. at 7. The first defeats § 702. The second defeats the premise that Bliss Creek must be compelled to contest a stake.[1]

### B. Section 702 Requires Agency Action.

A plaintiff proceeding under 5 U.S.C. § 702 "must identify some 'agency action' affecting him in a specific way." *Texas v. U.S. Dep't of Homeland Sec.*, 123 F.4th 186, 199 n.9 (5th Cir. 2024) (quoting *Apter v. Dep't of Health & Human Servs.*, 80 F.4th 579, 589 (5th Cir. 2023)). The section "contains two separate requirements for establishing a waiver of sovereign immunity": the plaintiff must identify agency action affecting him specifically, and must show that he has "[been]

[1] The Securities and Exchange Commission ("SEC") has not appeared, and it is unclear whether it has been served. Thus, its time to respond under Rule 12(a)(2) has not run. Dkt. 6, 13, 14. No scheduling order has entered, the initial pretrial conference is set for October 30, 2026, and this Court has entered no order affecting any party's rights and holds no property. Dkt. 5.

... adversely affected or aggrieved by that action." *Apter*, 80 F.4th at 589; *accord Gentile v. SEC*, 974 F.3d 311, 316 (3d Cir. 2020). Plaintiffs satisfy neither.

Plaintiffs read the same opinion to hold the opposite, asserting § 702 "does not require the plaintiff to challenge the agency action." Resp. at 13. The quoted sentence resolves a different question: whether "an action" in § 702 means a federal cause of action or any lawsuit. It means any lawsuit, reaching state and common law claims. 123 F.4th at 200–04. That says nothing about the separate element of agency action, which the opinion required and applied. *Id.* at 199 & n.9.

Plaintiffs then concede the element away. Resp. at 13. The Complaint identifies no rule, order, license, sanction, or denial of the SEC, *see* 5 U.S.C. § 551(13), asking instead for a declaration of priority between creditors and an injunction against a private judgment creditor. Sovereign immunity "is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), a waiver of it "requires a 'clear statement,'" and "courts construe ambiguities strictly in favor of sovereign immunity." 123 F.4th at 199, 200. Plaintiffs' own authority shows what is missing: *General Railway Signal Co. v. Corcoran* located jurisdiction over an interpleaded federal claimant in the Small Business Administration's express sue-and-be-sued clause, 15 U.S.C. § 634(b)(1). 921 F.2d 700, 704–06 (7th Cir. 1991). The SEC has no such clause. *See* 15 U.S.C. § 78d. With the SEC dismissed, no basis for jurisdiction remains. Plaintiffs do not invoke diversity jurisdiction or plead facts establishing it, and Rule 22 supplies no independent basis for subject-matter jurisdiction. Fed. R. Civ. P. 82; *Gen. Ry. Signal*, 921 F.2d at 705 (Rule 22 "provides a procedural framework for interpleader actions, but it confers no subject matter jurisdiction on federal courts"); *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982).

Plaintiffs' fallback theory fares no better. A state-law execution dispute does not arise under federal law merely because Plaintiffs invoke a federal freeze as an obstacle to collection;

any modification, construction, or enforcement of that order belongs to the issuing court.

### C. A *Lis Pendens* Is Not a Lien.

Section 2410(a)(5) permits the United States to be named in an action "of interpleader or in the nature of interpleader with respect to . . . real or personal property on which the United States has or claims a mortgage or other lien." The lien predicate is not satisfied. A properly filed notice of *lis pendens* "is not itself a lien, but rather it operates as constructive notice 'to the world of its contents.'" *In re Cohen*, 340 S.W.3d 889, 892 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) (citing Tex. Prop. Code § 13.004(a)); *accord Tusker Cap. Fund LLC v. Southside Dev. Project, LLC*, No. 01-24-00310-CV, 2026 WL 2522648, at *4 (Tex. App.—Houston [1st Dist.] Aug. 27, 2026, no pet. h.). What the instrument announces is the pendency of the Georgia action, in which the SEC has asked for "relinquishment of the Angleton properties . . . through a constructive trust." Resp. at 13. A constructive trust is "an equitable, court-created remedy," and equitable remedies "operate in personam, meaning they bind only the parties to a suit, not the world." *Tusker*, 2026 WL 2522648, at *9 n.6 (citations omitted). The SEC has not obtained that remedy; it has asked for it. Notice of a requested equitable remedy is not the United States "claim[ing] a mortgage or other lien."

### D. There Is No Single, Identifiable Fund.

"[A] single, identifiable fund is a prerequisite to an interpleader action," and the requirement does not vary with the vehicle: "[A]n interpleader action, whether rule or statutory, will not lie where there are independent funds each with its own claimants." *Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1100, 1101 (5th Cir. 1992) (quoting *Am. Fid. Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164, 174 (D.V.I. 1975)). Plaintiffs' own authorities describe a device Plaintiffs are not using: the case they say Bliss Creek ignored defines interpleader as one that "allows a party in possession of money or property belonging to another to join two or

more parties asserting mutually exclusive claims to the property or fund." *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983) (warehouseman holding coffee belonging to others, who "sought to place the disputed property in judicial custody," *id.* at 361). Plaintiffs say Bliss Creek "does not address or attempt to distinguish" *Corrigan*'s statement that "the threat of multiple vexation by future litigation provides sufficient basis for interpleader." Resp. at 11. Bliss Creek addressed it at Motion page 17. The answer is the clause immediately preceding it: "At this initial stage, the merits of these potential claims are irrelevant." *Id.* at 364. That goes to the merits of competing claims, not whether a fund and mutual exclusivity may be dispensed with.

Adversity fails for the same reason. "Claimants are adverse when they expose [the] plaintiff to double payment on a single liability," and "[a]dversity is not met when a stakeholder ... may be liable to both parties because of multiple obligations." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 415–16 (N.D. Tex. 2005) (quoting *Hartford Life & Accident Ins. Co. v. Eterna Benefits L.L.C.*, 1997 WL 726441, at *1–2 (N.D. Tex. Nov. 17, 1997)). The SEC's disgorgement claim and Bliss Creek's judgment are separate obligations, not one liability discharged by paying either claimant. Plaintiffs answer that Bliss Creek "overstates *Murphy*" because neither claim is speculative. Resp. at 16 n.7. That misses the element. *Murphy* turned on what the claims were asserted *against*: a claim "asserted against the general assets of a party rather than specific, identifiable 'property' is not a proper subject for interpleader relief." *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 & n.2 (5th Cir. 1976).

Plaintiffs answer that Rule 22 reaches an action "in the nature of interpleader" in which the plaintiff itself claims the stake. Resp. at 15. It does. But the prerequisite is the same either way. The central prerequisite "for a 'true' interpleader action . . . or for an action in the nature of interpleader, in which the plaintiff-stakeholder also makes a claim to the stake, is that the plaintiff-

stakeholder runs the risk—but for determination in interpleader—of multiple liability **when several claimants assert rights to a single stake**." *Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999)(emphasis added). Their own authority supplies the limit: *Tashire* describes a bill "in the nature of interpleader" as one "in which the plaintiff is not wholly disinterested **with respect to the fund he has deposited in court**." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532 n.9 (1967) (emphasis added). A plaintiff may claim the stake; he may not dispense with it.

Finally, Plaintiffs devote two pages, at 18–19, to the deposit requirement. To the extent they read the Motion to argue that a Rule 22 deposit is itself a jurisdictional prerequisite, that is not Bliss Creek's argument. *Murphy*, 534 F.2d at 1159; Mot. at 15. The point is a different one. At the first stage the court determines whether the plaintiff may compel claimants "to litigate their claims to the stake in one proceeding." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 391 F. Supp. 2d 541, 563–64 (S.D. Tex. 2005). There is no stake. Plaintiffs have deposited nothing, tendered nothing, and sought leave to deposit nothing, and they claim the property for themselves.

Plaintiffs pled "Disputed Assets" to include not only frozen assets, but "non-frozen funds" and "any other non-exempt personal or real property" subject to execution. Compl. ¶ 34. That is not one fund but rather = a moving description of execution targets.

### E. Bliss Creek's Election Controls.

*Airborne*[2] turns on the creditor's election. A court may not "force a judgment creditor who holds a general judgment against a judgment debtor to contest with claimants who hold an interest

[2] Plaintiffs cite *Airborne* as "vacated on other grounds." Resp. at 15. The opinion has not been vacated. What was vacated is the district court's judgment and injunction, by that opinion: "the judgment and injunction are VACATED, and this matter is REMANDED with instruction to dismiss the interpleader action." 195 F.3d at 242. It was applied again last December. *State Farm Life Ins. Co. v. Wisocki*, No. 3:23-CV-0597-K-BT, 2025 WL 3675068, at *1 (N.D. Tex. Dec. 18, 2025). *Airborne* remains binding Fifth Circuit authority on the judgment creditor's election.

only in a stake held by the judgment debtor, if that judgment creditor elects to satisfy its judgment out of other assets held by the fully solvent judgment debtor." 195 F.3d at 242. *Auto Parts Mfg. Miss., Inc. v. King Constr. of Houston, L.L.C.* marks the line: the court held that "*Airborne* is easily distinguished," because "[n]either Noatex nor King is a general creditor of APMM" and "[b]oth claimants sought the amount APMM deposited with the court registry." 782 F.3d 186, 195 (5th Cir. 2015). Bliss Creek is a general judgment creditor, and there is no deposited amount for any claimant to seek.

Plaintiffs' remaining answer is equitable: that Bliss Creek will recover "ahead of every other victim, not because its claim has priority, but because it moved fastest." Resp. at 4. *Tashire* is the source of that idea, and it shows why it does not reach this case. The Court there worried a first claimant "might appropriate all or a disproportionate slice of **the fund** before his fellow claimants were able to establish their claims," where the insurer had "paid into court the sum of $20,000." 386 U.S. at 526, 533 (emphasis added). Racing claimants can exhaust a deposited fund. They cannot exhaust one that does not exist. Priority among creditors is fixed by the law governing execution, not by a court's view of who moved fastest.

What remains is a plea of insolvency (Compl. ¶ 36), which does not create interpleader jurisdiction. Plaintiffs argue *Airborne* reserves the insolvent debtor. Resp. at 8, 16–17. It does: "Were the general-judgment debtor bankrupt or otherwise bereft of funds other than those in the stake, then we would not thwart the claimant's efforts to satisfy his general judgment as best he could from the value of the stake, as a participant in the interpleader action." 195 F.3d at 241–42. But the reservation runs the other way. Its beneficiary is the judgment creditor, whose "efforts to satisfy his general judgment" the court would decline to "thwart." *Id.* It lets a creditor reach a stake; it does not let a debtor conscript one. It presupposes a stake, which Airborne had deposited

and Plaintiffs have not. *Id.* at 239. Plaintiffs' own accounting at least defeats the premise that Bliss Creek is pursuing only a single stake. They identify categories of non-disputed, non-exempt property and concede Bliss Creek may pursue them if they exist. Nor was the reservation the ground of decision. *Airborne* ordered dismissal because "[i]f there is only one claimant to a stake, then by definition there are not overlapping and adverse claims to it." 195 F.3d at 242. That holding does not depend on solvency, and it applies here with greater force: the SEC has asserted no claim in this action and has not appeared, and Plaintiffs' account of its interests is drawn from filings in the Northern District of Georgia. *See* Dkt. 15-2, 15-3. Any offset against disgorgement is an issue for the Georgia court when it fixes the SEC's remedy; the possibility of later crediting does not make Bliss Creek and the SEC adverse claimants to one stake.

**F. The Anti-Injunction Act Bars the Requested Stay.**

The Anti-Injunction Act is "an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990). Its exceptions "are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). The Fifth Circuit has twice construed the "in aid of jurisdiction" exception through the same passage of *State of Texas v. United States*:

> In cases decided under [the "in aid of jurisdiction"] exception, courts have interpreted the language narrowly, finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction, or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case. *In no event may the "aid of jurisdiction" exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision.*

*Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1298 (5th Cir. 1992) (quoting *State of Tex. v. United States*, 837 F.2d 184, 186 n.4 (5th Cir. 1988)) (emphasis added) (citations omitted); *accord Phillips*, 894 F.2d at 132.

Plaintiffs' entire theory improperly asks to stay execution because the Georgia freeze order and the Texas writ may prove inconsistent. *State of Texas* itself denied the injunction, holding "we have no authority to issue an injunction beyond that necessary to protect our own jurisdiction," and "[b]ecause our jurisdiction is not threatened here," denying the motion. 837 F.2d at 186–87. Plaintiffs ask this Court to protect an order of the Northern District of Georgia. Nor does naming property in a pleading supply *in rem* jurisdiction. *See Phillips*, 894 F.2d at 132 (suit was "an ordinary in personam action"; vacating portion of the order restraining a pending state foreclosure).

Nor is there a constructed *res*. Absent a *res*, "in personam actions in federal and state court may proceed concurrently, without interference from either court." *In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d 719, 725 (E.D. La. 2012) (quoting *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977) (plurality opinion)). *Royal Insurance* forecloses fallback on stronger facts than these. The district court there presided over litigation among the same parties for years, entered a declaratory judgment, and enforced it. The panel assumed the "lengthy, complicated litigation" theory and still held that the state court "posed no threat . . . other than the fact that there was a possibility that it could reach judgment first. This is not sufficient to invoke the 'in aid of jurisdiction' exception." 960 F.2d at 1299. Plaintiffs' own authorities rest on an advanced proceeding or an actual *res*. *See In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985) ("a class action proceeding so far advanced that it was the virtual equivalent of a res"). This Court holds no *res*, deposit, or bond, and it has entered no order for a state proceeding to disturb. The only federal court with arguable control over a *res* is the Northern District of Georgia.

Plaintiffs abandon 28 U.S.C. § 2361, Resp. at 21 n.9, which "does not apply" to rule interpleader and whose inapplicability "means that rule interpleader actions, unlike statutory interpleader actions, are subject to the Anti-Injunction Act." *Tijerina v. Securian Life Ins. Co.*, No. EP-24-CV-86-KC, 2024 WL 4820861, at *5 (W.D. Tex. Nov. 18, 2024). That disposes *Tashire*, whose quoted passage describes "situations, of a type not present here," where "the suits sought to be enjoined are squarely within the language of 28 U.S.C. [§] 2361." 386 U.S. at 534.

Plaintiffs' remaining position is that they seek to enjoin only "collection efforts," not a state-court proceeding. The distinction does not exist. Construing § 2283's statutory predecessor, the Supreme Court held the operative term "comprehensive": it "includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process," and "applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective." *Hill v. Martin*, 296 U.S. 393, 403 (1935). What Plaintiffs ask this Court to restrain is Bliss Creek's application for writ of execution in the Business Court and the "execution, levy, garnishment, and turnover proceedings" that would follow. Resp. at 9, 21. Those are not new actions. Calling the stay "targeted" does not avoid § 2283. The Act turns on whether the federal order stays state-court proceedings, not whether the requested stay is narrower than all possible enforcement. Plaintiffs ask this Court to stop the execution process issuing from the Business Court. That is enough.

### G. The Declaratory-Judgment Count Belongs in the State Courts.

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). That discretion governs even though the declaratory count is paired with an interpleader claim. Where "a rule interpleader claim is paired with a claim for declaratory relief, the broad *Wilton*/*Brillhart* standard

of discretion is properly applied in the abstention analysis." *Great Lakes Ins. SE v. Dunklin*, 510 F. Supp. 3d 1091, 1098 (S.D. Ala. 2021); *see State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 n.3 (3d Cir. 2000). *St. Paul Insurance Co. v. Trejo* asks "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." 39 F.3d 585, 590–91 (5th Cir. 1994). That is precisely what Plaintiffs ask.

The Rule 24.2 proceeding will decide, on an evidentiary record, whether enforcement of the domesticated judgment may be suspended and on what terms. Ex. 2. That is the question Plaintiffs put to this Court, pending in the court whose writ they ask this Court to stay. The Fifteenth Court of Appeals has Adam's challenge to the domesticated judgment, the Wyoming court retains the punitive-damages hearing, and the Northern District of Georgia controls the scope and modification of its own freeze order. This action, by contrast, has produced no scheduling order, no appearance by the SEC, and no order of any kind. Those courts can decide what Plaintiffs ask this Court to decide first. It need not become a fourth forum supervising execution priority. Plaintiffs' "no single forum" premise assumes the conclusion. They need one forum only if Rule 22 permits them to force the SEC and a private judgment creditor into a priority contest over a debtor's estate. If there is no interpleader stake, the absence of a universal forum is not a jurisdictional defect to be solved; it is the ordinary result of separate enforcement regimes.

Accordingly**,** Bliss Creek Fund 1, LLC respectfully requests that the Court (1) dismiss Count One, for interpleader, for lack of subject-matter jurisdiction under Rule 12(b)(1) and, in the alternative, for failure to state a claim under Rule 12(b)(6); (2) dismiss Count Two, for declaratory judgment, or in the alternative decline to entertain it; and (3) grant Bliss Creek all other relief to which it is justly entitled.

Respectfully submitted,

*/s/ Bradley W. Beskin*

Bradley W. Beskin
Texas Bar No. 24105463
**WHITTEN BURRAGE**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone: 405.516.7800
Facsimile: 405.516.7859
bbeskin@whittenburragelaw.com

**COUNSEL FOR**
**BLISS CREEK FUND 1, LLC**

**CERTIFICATE OF SERVICE**

I certify that on September 10, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Bradley W. Beskin*
Bradley W. Beskin