***Adam v. SEC*, 4:26-cv-05240 (S.D. Tex.)**

**DEFENDANT BLISS CREEK FUND 1, LLC'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

# EXHIBIT 1

***Bliss Creek v. Adam*, 2024-CV-114404-D (District Court of Natrona County, Wyoming)**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION**
**TO SET ASIDE THE DEFAULT AND THE DEFAULT JUDGMENT**
**AUGUST 14, 2026**

WY Natrona County District Court
7th JD
Aug 14 2026 04:03PM
2024-CV-0114404
80348231
FILED

STATE OF WYOMING ) IN THE DISTRICT COURT
) ss.
COUNTY OF NATRONA ) SEVENTH JUDICIAL DISTRICT

BLISS CREEK FUND 1, LLC,

Plaintiff,

v. Case No. 2024-CV-114404-D

GCZ GLOBAL LLC; and
JONATHAN L. ADAM,

Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SET ASIDE THE DEFAULT AND THE DEFAULT JUDGMENT**

This matter is before the Court on the Defendants' motion to set aside the default and the default judgment. Having considered the motion, the response, the reply, the file, and otherwise being fully informed in the premises, the Court FINDS and CONCLUDES as follows:

1. On December 4 and 5, 2024, the Defendants were served with the complaint. The summons that were issued clearly informed both Defendants that failure to respond "will" result in the entry of a default judgment. Neither Defendant responded to the complaint.
2. On January 28, 2025, the clerk filed an Entry of Default. Neither Defendant responded to the Entry of Default.
3. On April 4, 2025, the Court signed Plaintiff's proposed default judgment. Neither Defendant responded to the default judgment or filed a written objection to what they claim is a lack of opportunity to

respond to the motion for default judgment, which was filed three days before the default judgment was signed.

4. Fourteen months after the default was entered and nearly a year after the default judgment was entered, Defendants have now appeared in this case and have sought to set aside both the default and the default judgment.

5. The Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." W.R.C.P. 55(c). Courts have broad discretion to set aside default judgments. *See, e.g.*, *Lopez v. Ritter*, 2026 WY 89, ¶ 30, — P.3d —, — (Wyo. 2026); *Rosty v. Skaj*, 2012 WY 28, ¶ 27, 272 P.3d 947, 956–57 (Wyo. 2012).

6. The Wyoming Supreme Court has outlined a balancing test for determining whether good cause exists to set aside an entry of default under Rule 55(c). *Rush v. Golkowski*, 2021 WY 27, ¶¶ 19, 27, 480 P.3d 1174, 1179–80 (Wyo. 2021). The test requires courts to assess whether the defendant's culpable conduct led to the default, whether the plaintiff will be prejudiced, and whether the movant has a meritorious defense. *Id.*

7. Defendants argue that the Court should grant their motion for what appear to be two principal reasons. First, they argue that Plaintiff's complaint failed to sufficiently plead a claim for fraud or a breach of any agreement or contract. In addition, they argue that Plaintiff failed

to prove its damages before a default judgment was entered. Second, they argue that the default judgment was procured by fraud, misrepresentation, and misconduct.

8. Regarding the first argument, the Court finds that Defendants have failed to establish good cause to set aside the entry of default. At no point do Defendants dispute that they were served with the complaint or that they received the entry of default. Nor do they contend that they only recently learned of the default judgment. Moreover, Defendants' argument regarding a meritorious defense to the substance of the allegations is essentially a belated Rule 12(b)(6) argument. Under the "good cause" standard, the Court finds that Defendants have failed to establish good cause to set aside the entry of default.

9. Regarding the default judgment and Defendants' second argument, the Court finds that Defendants have failed to establish grounds for relief under Rule 60(b)(3). "A motion pursuant to W.R.C.P. 60(b) must be clearly substantiated." *Painovich v. Painovich*, 2009 WY 116, ¶ 8, 216 P.3d 501, 504 (Wyo. 2009). "Where fraud and misrepresentation is relied upon as a ground for relief sought pursuant to a Rule 60(b) motion, it must be proved by clear and convincing evidence. Fraud is never presumed, and the burden of proof to clearly establish such fraud or misrepresentation is upon the party seeking relief." *Id.* As with their first argument, the Court finds that, at best, Defendants have identified

a potential argument against Plaintiff's factual claims. That argument, however, was made nearly a year after the default judgment was entered.

10. That leaves Rule 60(b)(6). "Relief under Rule 60(b)(6) is appropriate only if the grounds asserted for relief do not fit under any of the other subsections of Rule 60(b)." *Myers v. Myers*, 2022 WY 75, ¶ 21, 511 P.3d 470, 476 (Wyo. 2022). There is no "hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion[.]" *Id.* ¶ 23, 511 P.3d at 476. "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties." *Id.* ¶ 23, 511 P.3d at 476–77.

11. The Court finds that Defendants have failed to establish a sufficient reason to set aside the award of the compensatory, liquidated damages, as documented in Plaintiff's submissions. Although only three days passed between Plaintiff's motion for a default judgment and the entry of the default judgment, relief under 60(b)(6) is not appropriate where Defendants sat on their hands for nearly a year before seeking relief.

12. With respect to punitive damages, the Court finds a sufficient basis to grant the motion to set aside the default judgment as it pertains to the award of punitive damages. See Schaub v. Wilson, 969 P.2d 552,

559 (Wyo. 1998).

IT IS ORDERED that Defendants' motion to set aside the entry of default is DENIED.

IT IS ORDERED that Defendants' motion to set aside the default judgment is GRANTED IN PART and DENIED IN PART. That portion of the default judgment regarding punitive damages is set aside and the Court will set a scheduling conference with the parties to determine the time necessary to hold a damages hearing regarding punitive damages.

DATED this 14th day of August 2026.

BY THE COURT:

____________________________

Joshua C. Eames
District Court Judge